IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

April M. Green,

    Plaintiff,

v.                                        Case No. 2:06-cv-0991

Michael J. Astrue,                   JUDGE WATSON
Commissioner of Social Security,

    Defendant.

## ORDER

This matter is before the Court to consider de novo plaintiff's objections to a Report and Recommendation of the Magistrate Judge recommending that judgment be entered in favor of the defendant Commissioner. For the following reasons, those objections will be overruled and judgment will be entered for the defendant.

Plaintiff's primary objection to the Magistrate Judge's Report and Recommendation relates to her claim that she is presumptively entitled to benefits under §12.05(C) of the Listing of Impairments. That section provides that a person who has a valid IQ score between 60 and 70 and also suffers from at least one additional impairment which is "severe" within the meaning of the Social Security Act is entitled to benefits. The Magistrate Judge concluded that the Commissioner's finding that plaintiff had not satisfied Listing 12.05(C) was supported by substantial evidence.

The parties agree that plaintiff achieved a valid IQ score of 69 on a test administered by Dr. Swearingen. Despite that score, however, Dr. Swearingen

diagnosed plaintiff as suffering from borderline intellectual functioning rather than mental retardation. The Commissioner concluded that she did not satisfy the regulatory definition of mental retardation because there was no evidence that she suffered from deficits in adaptive functioning prior to age 22, which is a requirement listed in the preamble to §12.05(C).

The Court of Appeals has consistently held that the preamble to the Listing is part of the definition of the impairment described in that section and must be satisfied in order for a claimant to qualify for benefits. Foster v. Halter, 279 F.2d 348, 354 (6th Cir. 2001); see also Cooper v. Social Security, 217 Fed. Appx. 450 (6th Cir. Feb. 15, 2007). That Court has also observed that it is not necessary for a claimant to produce an IQ test score prior to age 22 because, as the plaintiff in this case points out, such scores presumably remain constant over time, but it is necessary that there be some evidence of deficiencies in social skills, communication skills, or daily living skills prior to age 22 in order to show deficits in adaptive functioning. West v. Commissioner of Social Security, 240 Fed. Appx. 692 (6th Cir. July 5, 2007). Such deficits translate into an "inability to cope with the challenges of ordinary everyday life," Novy v. Astrue, 497 F.3d 708, 710 (7th Cir. 2007), and evidence that the claimant has held down a full-time job and has otherwise been able to function in a relatively normal fashion cuts against a claim that there are deficits in adaptive functioning which satisfy the Listing.

Here, the record is devoid of evidence that plaintiff suffered from the types of deficits in social skills, communication skills, or daily living skills which translate into a finding that she suffered from mild mental retardation. She worked for many years, discontinuing work only as a result of physical limitations and not because of problems

occasioned by deficits in her adaptive skills. When she worked, she not only performed routine tasks but was assigned some supervisory duties. Although these were not complicated supervisory duties, they did indicate that she was performing her job at a level satisfactory enough to allow her to assume some additional duties not shared by others. Additionally, Dr. Swearingen's failure to diagnose mild mental retardation is some evidence to support the Commissioner's conclusion that this condition was not present, even if his diagnostic criteria differed to some extent from those set forth in the Listing. See Cooper, supra. For all these reasons, the Court concludes that the Commissioner did have a substantial basis for finding that plaintiff did not meet the Listing.

Plaintiff's only other argument relates to the way in which the evidence from her treating physician, Dr. Altic, was evaluated. After reviewing this issue, the Court adopts the conclusions of the Magistrate Judge and finds that the Commissioner did not commit error with respect to the weight assigned to Dr. Altic's opinions.

For these reasons, plaintiff's objections to the Report and Recommendation of the Magistrate Judge are OVERRULED, and the Report and Recommendation is ADOPTED. The plaintiff's statement of errors is OVERRULED, the decision of the Commissioner is AFFIRMED, and the Clerk is directed to enter judgment in favor of the defendant.

/s/ Michael H. Watson
Michael H. Watson, Judge
United States District Court